INTERNATIONAL SCHOOLS
SERVICE, Plaintiff,

v.

The GOVERNMENT OF IRAN et
als., Defendants.

Civ. Nos. 80–277 to 80–279.

United States District Court,
D. New Jersey.

Jan. 19, 1981.

Francis & Berry by Hugh P. Francis, Morristown, N. J., for plaintiff.

Shanley & Fisher by Charles A. Reid, III, Newark, N. J., for Government of Iran.

## OPINION

BIUNNO, District Judge.

In this trio of cases, International Schools Service (ISS) sues the Government of Iran and a number of Iranian corporations which are or were government controlled. The claims arise out of the termination of diplomatic relations with Iran more than a year ago.

Pursuant to the Foreign Sovereign Immunities Act of 1976, Pub.L.94–583, 28 U.S.C. §§ 1602–1611, service of summons and complaint appears to have been accomplished in accordance with the method set out in 28 U.S.C. § 1608(a)(3), but only in respect to the Government of Iran, and only in respect to one of the three actions. For the other two actions, and for the corporate defendants in all three actions, papers were sent in the manner provided by that section, but no signed receipt has been returned in those instances.

Plaintiff has applied for an order allowing service where not otherwise complete, by Telex. The Government of Iran has opposed the application as allowing a mode of service not authorized by the Act or by any treaty. Its appearance and argument in no way implies any submission to the jurisdiction of the court; special appearances have long been abolished in those terms.

In the one instance where service was evidently effected in accordance with the Act, the Government of Iran has sought dismissal for lack of jurisdiction. That motion was denied without prejudice to renewal, and that action was temporarily stayed on the basis of a suggestion of interest by the United States, on the ground that its prosecution could upset the delicate negotiations seeking the release of diplomatic personnel seized as hostages in November, 1979 in retaliation for allowing the late Shah of Iran to enter the United States for medical treatment.

Although service by Telex is not a specified mode under the statute, the court sees no prejudice to defendants to enter an order to allow it. The order expressly provides that it does not prejudge whatever objections may be advanced by the defendants if they choose to do so.

Other modes could be considered, which may or may not be effective. Under the General Rules of this District, an order may be obtained authorizing a specific person to make personal service on a defendant. Until its demise some 40 years ago, the specialist firm of Trevelyan & Fildew, of Newark, N. J., would no doubt have found someone in a neighboring and friendly nation to Iran to undertake the making of personal service. It may be that even Sir Humphrey Trevelyan, or A. Seneca Fildew, or Jose Manuel de Lopez, or John Smith, each of whom was an outstanding specialist in his own right, would have found a way by which to accomplish personal hand service on each and all defendants within the boundaries of Iran.[1]

Modern technology, with communications satellites and other sophisticated devices, ought not to be deprived the opportunity to attempt effective service, if it can.

---

1. The imaginative achievements of Trevelyan & Fildew, Specialists, are briefly recorded in R. Lum, *A Century In and Out of Court* (Privately published, Newark, N. J., 1971), at p. 42. Trevelyan & Fildew seems to have been a descendant, carrying on activities similar to those engaged in by the late Dean Frank H. Sommer, as recorded in Vanderbilt, *Changing Law* (Rutgers University Press, 1976) at pp. 14–15, discussing his invention of the writ of pluckitendo.