**Paulita CONCEPCION and Antonio Flores, her husband, Plaintiffs,**

**v.**

**VEB BACKEREIMASCHENBAU HALLE and Gemini Baking Equipment Company, Defendants–Third Party Plaintiffs,**

**v.**

**EL INDIO PRODUCTS, INC., Third Party Defendant.**

**Civ. A. No. 86–0036.**

United States District Court,
D. New Jersey.

June 5, 1988.

Ridgway, Ridgway & Stayton by Herbert J. Stayton, Jr., Marlton, N.J., for plaintiffs.

Alvin R. Schomer, Haddonfield, N.J., and Thompson, Hine and Flory by David Epstein, Washington, D.C., for defendant VEB Backereimauschinenbau Halle.

OPINION

COHEN, Senior District Judge:

Presently before the Court is a motion by defendant VEB Backereimaschinenbau Halle ("VEB" or "defendant"), an East

German entity, to quash service under Fed. R.Civ.P. 12(b)(5) or for a more definite statement under Fed.R.Civ.P. ("Rule") 12(e). For the reasons that follow, the motion to quash service shall be denied. The motion for a more definite statement shall be granted, and plaintiffs shall be given twenty days either to file such a statement or to amend their amended complaint.

Plaintiffs, Paulita Concepcion and Antonio Flores, her husband, brought suit for personal injuries sustained by Ms. Concepcion while working with a piece of industrial machinery during the course of her employment in Camden, New Jersey.[1] The original complaint named as defendants Gemini Baking Equipment Corporation, the alleged seller of the machine, and Habamfa, the East German entity which allegedly manufactured the machine. By Opinion and Order of January 20, 1987, the Honorable Stanley S. Brotman granted plaintiffs' motion for leave to amend the complaint to properly name the foreign defendant as VEB, and denied that defendant's motion to dismiss for insufficient service of process and for lack of personal jurisdiction. *Concepcion v. Habamfa and Gemini Baking Equipment Company*, No. 86–0036 (D.N.J. Jan. 20, 1987). In so doing, the court observed that plaintiffs had failed to "alleg[e] the factual basis of jurisdiction clearly in the amended complaint," *Concepcion, supra,* slip op. at 3, and that service on VEB had to be accomplished in compliance with Fed.R.Civ.P. 4. *Id.* at 4.[2]

Plaintiffs filed their amended complaint on February 19, 1987 and on the same day submitted a proposed order for a "Request for International Judicial Assistance" in effecting service on VEB. In response, the Court noted that a foreign defendant may be served under Fed.R.Civ.P. 4(d)(3), (e) or (i), and informed plaintiffs that any request for assistance from the Court "must be supported by a memorandum demonstrating explicit compliance with the relevant subsection upon which you rely." Letter from the Honorable Stanley S. Brotman, dated March 12, 1987. Plaintiffs then attempted service on VEB in two ways. First, they engaged Attorneys Process Service International of Minneapolis, Minnesota, who forwarded the Summons and Amended Complaint to the Clerk of this Court with a request that service be made under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(b)(3).[3] *See* Affidavit of Herbert J. Stayton, Jr., Counsel for Plaintiffs, ¶ 10; Plaintiff's Memorandum, p. ix. These documents were forwarded by certified mail, return receipt requested, to defendant on July 28, 1987,[4] and the Clerk received the signed receipt on October 6, 1987. Second, on August 7, 1987, plaintiffs brought, and the court granted, a Motion for an Order for a Request for International Judicial Assistance (Letters Rogatory).[5]

Defendant now moves to quash service. It maintains that plaintiffs indicated their attempted service through the Clerk's office was pursuant to the FSIA and that they have not adequately pled the applicability of that statute. Thus, defendant urges, there has not been valid service as mandated by Judge Brotman and Rule 4 and the amended complaint should be dismissed without prejudice under Rule 4(j), which requires service to be made within

---

1. The complaint was originally filed on behalf of "Paulita Concepcion and Mr. Concepcion, her husband." We have been informed that Antonio Flores is Ms. Concepcion's husband and have ordered the complaint to be amended to reflect this fact.

2. This matter was transferred to the undersigned on June 11, 1987.

3. The FSIA is codified at 28 U.S.C. § 1330 and §§ 1602–11. References to particular provisions of the FSIA will be to these sections of the United States Code.

4. There is some confusion as to this date. The Court file indicates the documents were actually mailed by the Clerk on July 28, 1987. Plaintiffs, however, state that such service was attempted on or about August 5, 1987. It is unclear from their brief whether they refer to the date they believe the documents were forwarded to the Clerk or the date they believe he mailed them.

5. Although plaintiffs' motion was granted by the Magistrate, the letters rogatory have not been issued.

120 days of filing of the complaint, except for good cause shown.

Plaintiffs respond that Section 1608(b)(3)(B) calls for the identical procedures as Rule 4(i)(1)(D) and that service therefore was effected under the latter provision. They further argue the 120 day time limit is inapplicable here, since Rule 4(j) contains an exception for "service in a foreign country pursuant to subdivision (i) of this rule," and that, in any case, they have proceeded with due diligence.

The FSIA is the sole basis for federal subject matter jurisdiction in actions against foreign states.[6] 28 U.S.C. § 1330(a); *Rex v. Cia. Pervana de Vapores, S.A.*, 660 F.2d 61 (3d Cir.1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 441 (1982). It provides for personal jurisdiction over the defendant where neither the FSIA nor an applicable international agreement affords immunity, *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 485 n. 5, 103 S.Ct. 1962, 1967 n. 5, 76 L.Ed.2d 81, and where service is effected under 28 U.S.C. § 1608. *Id.; DeSanchez v. Banco Central de Nicaragua*, 770 F.2d 1385, 1390 and n. 4 (5th Cir.1985). Section 1608 is the exclusive method of service on a foreign state. *Lippus v. Dahlgreen Mfg. Co.*, 644 F.Supp. 1473 (E.D.N.Y.1986); C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1111 (2d Ed.1987). Of course, such service meets the requirements of Fed.R.Civ. P. 4, since it is pursuant to a "statute of the United States." Fed.R.Civ.P. 4(e); 2 J. Moore, J.D. Lucas, H. Fink and C. Thompson, *Moore's Federal Practice* ¶ 4.31–1 (2d Ed.1988).

Here, VEB does not claim plaintiffs' attempt at service through the Clerk of this Court does not comport with Section 1608(b)(3), which provides:

> if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, [service shall be made] by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—
>
> .    .    .    .    .
>
> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or ...[7]

Rather, it contends plaintiffs have failed to allege sufficient facts in their amended complaint to make the FSIA applicable. Plaintiffs do not specifically take issue with this assertion and, indeed, have not opposed VEB's motion for a more definite statement.

Having reviewed the amended complaint, we agree that even when liberally construed it does not invoke our jurisdiction under the FSIA. It makes no reference to the FSIA, and contains no assertion that VEB is an "agency or instrumentality" of a foreign state, 28 U.S.C. § 1603(b), but only that defendant is a "foreign business entity." Amended Complaint ¶ 2. Moreover, it states "[t]he jurisdiction of this Court is based upon diversity of citizenship between the parties and the matter in controversy, exclusive of costs and interest, exceeds the sum of Ten Thousand ($10,000) Dollars." *Id.* ¶ 6. By utilizing the familiar words of 28 U.S.C. § 1332, plaintiffs seem to have relied solely on diversity of citizenship as a basis of subject matter jurisdiction—since the FSIA contains no minimum amount in controversy requirement, *see generally*, Wright and Miller, *supra*, § 1111, and

---

**6.** The FSIA defines "foreign state" to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a).

**7.** Section 1608(b)—which governs service of an agency or instrumentality of a foreign state—establishes a hierarchy among its listed means of service. Thus, recourse may only be had to Section 1608(b)(3) if there is no "special arrangement for service between the plaintiff and the agency or instrumentality," 28 U.S.C. § 1608(b)(1), and if there is no applicable international convention regarding service nor certain agents in the United States who can accept process, 28 U.S.C. § 1608(b)(2). In this motion, VEB has not asserted that service was defective because Section 1608(b)(1) or (2) could have been used, nor because plaintiffs have not properly followed Section 1608(b)(3).

since subject matter jurisdiction over VEB may not be predicated on both the FSIA and the diversity statute. *Rex, supra; Goar v. Compania Peruana de Vapores, S.A.,* 688 F.2d 417, 420–22 (5th Cir.1982).[8]

Nevertheless, we shall deny VEB's motion to quash service. As we have indicated, defendant does not maintain service was improper if there is subject matter jurisdiction pursuant to the FSIA, but only that plaintiffs have not adequately pled that statute. Since plaintiffs now arguably rely on the FSIA as the jurisdictional basis of their claims against VEB[9], the proper remedy is to permit them to amend their amended complaint. *See* 2A *Moore's Federal Practice, supra,* ¶ 8.07[1]; 3 *Moore's Federal Practice, supra,* ¶¶ 15.09 and 15.-15.[10]

On the other hand, plaintiffs may intend to proceed under the diversity statute. *See* Plaintiffs' Memorandum, p. 9 (mistakenly asserting that 28 U.S.C. § 1608(b)(3)(B) is based upon 28 U.S.C. § 1332); *supra,* p. 484. The amended complaint adequately pleads the diversity of citizenship and amount in controversy requirements. Whether service was properly made would then turn on whether, as plaintiffs maintain, compliance with Section 1608(b)(3)(B) suffices under Rule 4(i)(1)(D).[11]

■ The parties have not directed our attention to any helpful cases on this point, and our research reveals none. A compari-

son of the two provisions and their underlying purposes, however, indicates that purported service under the former should be deemed to satisfy the latter. Section 1608(b)(3)(B) contains all the requirements of Rule 4(i)(1)(D)—each requires the Clerk of the Court to address and dispatch the summons and complaint by any form of mail requiring a signed receipt—and indeed goes a step further by mandating the translation of the summons and complaint. Thus, service under this provision of the FSIA places a greater burden on the plaintiff and provides the defendant with better notice. Moreover, Rule 4(i) was intended to facilitate service in foreign countries by providing additional ways in which to achieve service. *See* Fed.R.Civ.P. 4, Advisory Committee Notes. To find a lack of compliance with the rule because of a variance in the instructions to the Clerk of the Court would run contrary to this objective. In addition, while there must be substantial compliance with the rules of service, they are to be liberally construed where, as seems to be the case here, defendant has sufficient notice of the complaint. *E.g., United Food and Commercial Workers Unions, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 and 1532, by United Food and Commercial Workers Intern. Union AFL–CIO v. Alpha Beta Co.,* 736 F.2d 1371 (9th Cir.1984).

Nor is the case before us governed by those holding that where service is begun

---

**8.** 28 U.S.C. § 1332 (the "diversity statute") applies not only to suits between citizens of different states, 28 U.S.C. § 1332(a), but also to those between "citizens of a state and citizens of a foreign state", 28 U.S.C. § 1332(b), and to those between "citizens of different states and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332. The FSIA amended the diversity statute to remove from its ambit actions involving a foreign state, except where it appears as a plaintiff. Foreign Sovereign Immunities Act, P.L. 94–583, 90 Stat. 2891 (amendments to 28 U.S.C. § 1332), 2891–98 (remainder of FSIA) (1976).

**9.** Thus, they instructed the Clerk to serve VEB under Section 1608(b)(3)(B). Their request for letters rogatory is not inconsistent with use of the FSIA—service by such means is permitted by Section 1608(b)(3)(A) as well as by Rule 4(i)(1)(B). Characteristically, the affidavit in support of plaintiffs' motion seeking letters ro-

gatory does not indicate the specific authority for their request. *See* Affidavit of Henry Stayton, dated July 21, 1987.

**10.** As VEB does not contend it is not subject to the FSIA, or that it is entitled to immunity thereunder, it cannot be said that the amendment will clearly fail to cure the defect. *See* 3 *Moore's Federal Practice and Procedure, supra,* ¶ 15.09 (leave to amend should be denied if such is the case).

**11.** Rule 4(i) authorizes alternative means of service in a foreign country when "the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held." Subdivision (1)(D) permits service by "any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served."

under Rule 4(c)(2)(C)(ii) and is unsuccessful because no acknowledgment is received, a plaintiff must then attempt service under subparagraph (A) or (B) of that paragraph, and may not successfully argue that because the attempted service complied with state law it satisfied Rule 4(c)(2)(C)(i).[12] *E.g., Combs v. Nick Garin Trucking,* 825 F.2d 437 (D.C.Cir.1987); *Armco, Inc. v. Penrod–Stauffer Bldg. Systems,* 733 F.2d 1087 (4th Cir.1984); *see also, Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53 (3d Cir.1986) (where service begun under Rule 4(c)(2)(C)(ii) plaintiff may not switch to Rule 4(c)(2)(C)(i)). Such cases rely on Rule 4(c)(2)(C)(ii)'s express provision that personal service *shall* be made in a particular manner when no acknowledgment is received. Thus, as the Third Circuit stated:

> We are satisfied that in drafting Rule 4 Congress meant precisely what its clear language states and that mail service is effective only if the provisions of Rule 4(c)(2)(C)(ii) are complied with literally. If an acknowledgment form is not returned, the formal requirements of mail service are not met and resort must be had to personal service.

*Stranahan, supra,* 800 F.2d 53, 56.

Here, if our jurisdiction over the claims against VEB depends on the FSIA, its service provisions must be used without recourse to any of the alternative means of service of Rule 4. *See supra,* p. 484. If, however, jurisdiction is premised on the diversity statute, the FSIA is inapposite and does not command any particular type or sequence of service. In the latter situation, the above cited cases are not determinative of the issue—whether attempted service under an inapplicable statute (the FSIA) is nonetheless valid where it meets, and indeed exceeds, the requirements of another rule for service (Rule 4(i)(1)(D)). As we have indicated, in the particular circumstances of this case, we answer this question in the affirmative.

■ Thus, to the extent plaintiffs are maintaining their action against VEB under the diversity statute, and to the extent the prerequisites of Rule 4(i)(1) are met, their attempted service is valid. While their amended complaint adequately alleges diversity jurisdiction, *see supra,* p. 485, their subsequent actions have caused confusion as to the basis of subject matter jurisdiction for their claims against VEB. This may easily be corrected by a more definite statement, and as no objection has been raised to VEB's motion for such a statement that motion shall be granted. Of course, plaintiffs may instead choose only to amend their amended complaint to properly allege jurisdiction pursuant to the FSIA.[13]

---

**12.** Fed.R.Civ.P. 4(c)(2)(C) states:
(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—
(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or
(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage pre-paid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

**13.** In arguing for dismissal under Rule 4(j), VEB assumes plaintiffs' attempted service was invalid. If, however, plaintiffs amend their amended complaint to allege jurisdiction under the FSIA, the amendment will be granted *nunc pro tunc* to the date the amended complaint was filed. *See* 3 *Moore's Federal Practice, supra,* ¶ 15.15[5] and n. 3; *Cf. Banco Metropolitano, S.A. v. Desarrollo de Autopistas y. Carreteras de Guatemala, Sociedad Anonima,* 616 F.Supp. 301 (S.D.N.Y.1985) (*nunc pro tunc* cure of service under FSIA is permissible). Thus, the claimed defect in service will have been cured. Similarly, if they instead file a more definite statement showing that jurisdiction as to VEB is predicated on the diversity statute, service may also have been properly made. *See supra,* pp. 485–86. Accordingly, as the grounds defendant relied upon in invoking Rule 4(j) may well be eliminated, we do not now rule on the merits of their argument. Moreover, we note that defendant has not disputed plaintiffs' assertions of diligence in attempting service.

For the reasons set forth above, defendant's motion to quash service is denied. Its motion for a more definite statement is granted, and plaintiffs are hereby given twenty days from the date of this opinion either to file such a statement or to amend their amended complaint.

An appropriate order follows.