Samiah **SERAMUR**, Petitioner,

v.

**SAUDI ARABIAN AIRLINES,**
Respondent.

No. 94–CV–4147 (DRH).

United States District Court,
E.D. New York.

July 16, 1996.

Long, Tuminello, Besso, Seligman & Quinlan by Harold Seligman, Bay Shore, New York, for Petitioner.

Chadbourne & Parke by Henry J. Oechler, Jr., New York City, for Respondent.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Presently before the Court is a motion by Respondent Saudi Arabian Airlines ("Respondent") to dismiss the above-captioned matter. For the reasons indicated below, Respondent's motion is granted.

### Background

In or about June, 1991, a state court in Florida granted a "Final Judgment of Dissolution of Marriage" with respect to the union of Samiah Seramur ("Petitioner") and Mubarak Alrehaili. (Pet. ¶ 3 (attached as Ex. B to Resp't Oct. 26, 1994 Not. Mot.).) Such final judgment, which purportedly awarded Petitioner $2,000 per month for child support and $2,000 per month as alimony, (id.), was dock-eted in New York State court in or about August, 1993. (Id. ¶ 4.)

During August, 1993, "an Income Execution for support enforcement" was served "by regular mail" upon Respondent as employer of Mr. Alrehaili. (Id. ¶ 5.) Such income execution directed Respondent to deduct $4,000 per month, apparently from Mr. Alrehaili's wages, and remit the same to Petitioner "within ten (10) days of the date that same is paid." (Id. ¶ 6.) It is further alleged that Respondent "refused and continues to refuse to deduct and remit to the petitioner the amounts specified in the income execution although at the time of refusal and at present time ... [Mr.] Alrehaili receives and has received for his services with ... [Respondent] sums sufficient to pay same." (Id. ¶ 7.)

In or about August, 1994, Petitioner filed a Notice of Petition and accompanying Petition (hereinafter "the Petition") in New York State court requesting a judgment directing Respondent to pay to Petitioner the sum of $24,000 "representing accrued deductions under the income execution which have not been remitted to the [Petitioner]...." (Aug. 18, 1994 Not.Pet. at 1.) On September 1, 1994, Respondent filed a Notice of Removal alleging that because it "is a 'foreign state' under 28 U.S.C. § 1603, this proceeding is removable to this Court and this Court has jurisdiction pursuant to 28 U.S.C. § 1441(d)." (Aug. 31, 1994 Not. Removal ¶ 4.)

Presently before this Court is a motion by Respondent to dismiss the Petition for insufficiency of service of process, Fed.R.Civ.P. 12(b)(5), and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

### DISCUSSION

I. Petitioner's Remand Request is Denied

As an initial matter, the Court notes that 28 U.S.C. § 1330(a) provides as follows:

The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity ei-

ther under sections 1605–1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a). In removing this action to federal court, Respondent relied on 28 U.S.C. § 1441(d) ("Section 1441(d)"), which states that

> [a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States . . . .

28 U.S.C. § 1441(d).

In her papers in opposition to Respondent's motion to dismiss, Petitioner requests that the instant matter be remanded to state court. (*See* Pet'r Jan. 13, 1995 Mem.Opp. at 6–7.) First, the Court notes that Petitioner has not filed a formal remand motion. In any event, Petitioner argues that Respondent is not entitled to immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611, and that, therefore, this case should be returned to state court. (*See* Pet'r Jan. 13, 1995 Mem.Opp. at 6.) As explained below, however, this Court holds that 28 U.S.C. § 1608(b) ("Section 1608(b)") provides the exclusive means for service of process upon Respondent in state or federal court, *see supra* at 8–9, and it further finds that valid service was not effected upon Respondent pursuant to that section. *See supra* at 9–11. In light of the foregoing, the Court denies any remand request by Petitioner and does not address Petitioner's argument regarding Respondent's immunity, or the lack thereof, under the FSIA.

## II. *Respondent's Motion to Dismiss for Insufficiency of Service of Process is Granted*

Respondent's claim that the Petition must be dismissed for insufficiency of service of process may be summarized as follows: Because Respondent is an "agency or instrumentality of a foreign state" within the meaning of the FSIA, it must be served by any of the means specified by Section 1608(b); as Respondent was not so served, the instant action must be dismissed. As explained below, the Court finds this argument persuasive and, accordingly, grants Re-

spondent's motion to dismiss for insufficiency of service of process.

### A. *Respondent is "an agency or instrumentality of a foreign state" Within the Purview of Section 1608(b)*

Section 1608(b) provides as follows:

Service in the courts of the United States and of the States shall be made upon *an agency or instrumentality of a foreign state:*

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

>> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

>> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

>> (C) as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b) (emphasis added).

Respondent claims, and Petitioner does not dispute, that it is a corporation formed under the laws of the Kingdom of Saudi Arabia ("Saudi Arabia") and is wholly owned by Saudi Arabia. (Resp't Oct. 26, 1994 Mem. Supp. at 4); *see also Branko Int'l, Inc. v. Saudi Arabian Airlines,* 704 F.Supp. 386,

387 (S.D.N.Y.) ("Saudi [Arabian Airlines], a corporation wholly owned by ... Saudi Arabia ..., is Saudi Arabia's national airline...."), *aff'd,* 880 F.2d 1318 (2d Cir.1989). With regard to whether or not Respondent is "an agency or instrumentality of a foreign state" within the purview of Section 1608(b), the Court looks to 28 U.S.C. § 1603(b) which provides as follows:

> An "agency or instrumentality of a foreign state" means any entity—
>
> (1) which is a separate legal person, corporate or otherwise, and
>
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
> (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

Against that framework, it is clear that Respondent, a corporation wholly owned by, and created under the laws of, Saudi Arabia, is an "agency or instrumentality of a foreign state" as defined by the FSIA. *See also Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 287 n. 1 (5th Cir.1989) ("The district court determined, and [the plaintiff] does not dispute, that Saudi [Arabian Airlines Corporation] is an 'agency or instrumentality' of Saudi Arabia, and thus a foreign state for jurisdictional purposes."). That having been established, the Court turns its attention to the methods provided by Section 1608(b) for "[s]ervice in the courts of the United States and of the States ... upon an

agency or instrumentality of a foreign state." 28 U.S.C. § 1608(b).

> B. *Service was not Effected Upon Respondent Pursuant to Section 1608(b)*

As a preliminary matter, the Court notes the general principle that when the sufficiency of service of process is challenged, "[t]he party on whose behalf service is made has the burden of establishing its validity." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, at 283 (1990). Thus, in the matter presently before the Court, Petitioner has the burden of establishing the validity of service.

Next, the Court notes that Petitioner does not refute Respondent's allegation that service of the Petition was not effected upon Respondent pursuant to any of the procedures set forth in Section 1608(b).[1] Instead, Petitioner maintains that she was permitted to effect service of process, and did so, pursuant to the laws of the State of New York. (*See* Pet'r Jan. 13, 1995 Mem. Op. at 9.) Specifically, Petitioner indicates that she attempted to serve Respondent "in accordance with the rules and procedures of the State of New York for service upon a corporation...."[2] (*See id.* at 2.) She does not rebut Respondent's suggestion that she attempted service by personal delivery of the Notice of Petition, as well as the Petition, upon one Ferdinand Wessel at Respondent's New York City office. (*See* Wessel Oct. 24, 1994 Aff. ¶ 4 (attached to Resp't Oct. 26, 1994 Not. Mot.).)

Because Section 1608(b) provides the exclusive means by which service of process may be effected upon Respondent, Petitioner's argument that New York's service of

---

**1.** Nor does Petitioner take issue with Respondent's contention that Section 1608(b)'s service provisions are not limited to the service of a formal summons and complaint but also apply to the service of the Petition currently before the Court. After reviewing the legislative history of the FSIA, H.R.Rep. No. 1487, 94th Cong., 2d Sess. (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, as well as relevant case law, the Court finds that Section 1608(b)'s provisions pertain to the service of petitions such as the one at bar.

**2.** Although Petitioner does not specify by which provision of New York State law she attempted

to effect service upon Respondent, the Court notes that New York Civil Practice Law and Rules § 311 provides, in part, as follows:

> Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:
> 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service....

N.Y.Civ.Prac.L. & R. 311(1).

process provisions apply to service upon an agency or instrumentality of a foreign state must be, and hereby are, rejected. *See Lippus v. Dahlgren Mfg. Co.*, 644 F.Supp. 1473, 1477 (E.D.N.Y.1986) ("To allow service under state law would vitiate the clear intent of Congress to reserve to federal law the exclusive method for service of process."); *see also Concepcion v. VEB Backereimaschenbau Halle*, 120 F.R.D. 482, 484 (D.N.J. 1988) ("Section 1608 is the exclusive method of service on a foreign state."); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1111, at 219 (1987) ("Section 1608 provides the exclusive procedure for service of process on a foreign state or its political subdivisions, agencies, or instrumentalities.") (citing legislative history). The Court now turns its attention to Section 1608(b)'s provisions for service.

### 1. *Section 1608(b)(1)*

As reflected in the language of Section 1608(b), *see supra* at 4–5, Petitioner could have effected service upon Respondent by one of three means. First, she could have done so by delivery in "accordance with any special arrangement for service between the ... [petitioner] and the agency or instrumentality." 28 U.S.C. § 1608(b)(1). However, in support of its instant motion to dismiss, Respondent represents that it "has not agreed to 'any special arrangement' for service of process in this case." (Wessel Oct. 24, 1994 Aff. ¶ 3 (attached to Resp't Oct. 26, 1994 Not. Mot.).) Petitioner does not contend otherwise. Thus, the Court finds that service was not validly effected pursuant to Section 1608(b)(1).

### 2. *Section 1608(b)(2)*

Section 1608(b)(2), *see supra* at 4–5, allows for service by delivery "either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(b)(2).

By affidavit, Mr. Wessel—to whom the Notice of Petition and accompanying petition were personally delivered—identifies himself as "Manager–Sales Eastern USA for Saudi Arabian Airlines Corporation." (Wessel Oct. 24, 1994 Aff. ¶ 1 (attached to Resp't Oct. 26, 1994 Not. Mot.).) More importantly, he alleges that he is not "an officer, a managing agent or any other agent authorized by appointment or by law to receive service of process in the United States." (*Id.* ¶ 4.) Petitioner neither responds to nor disputes this allegation. Nor does Petitioner claim that service was effected "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(b)(2). Accordingly, the Court finds that valid service was not effected upon Respondent pursuant to Section 1608(b)(2).

### 3. *Section 1608(b)(3)*

Finally, the Court considers Section 1608(b)(3) which provides as follows:

if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b)(3).

Significantly, the Court notes that Petitioner has not alleged nor shown that service could not be made under Section 1608(b)(1) or (2). In any event, Petitioner has made no showing that she complied with the remaining requisites of Section 1608(b)(3). In light of the above, the Court finds that valid service was not effected pursuant to Section 1608(b)(3).

*Conclusion*

Based upon the foregoing, the Court grants Respondent's motion to dismiss for insufficiency of service of process.[3]

SO ORDERED.

**3.** In light of Court's holding on sufficiency of service of process, the Court need not, and does not, consider the remaining arguments advanced by Respondent in support of its motion to dismiss.