OPINION OF THE COURT
Richard F. Braun, J.
Petitioner seeks preaction disclosure, pursuant to CPLR 3102 (c). Respondent contends that the application should be denied and the petition dismissed, on the ground that this court lacks jurisdiction over respondent’s person.
A request for preaction disclosure is brought by a special proceeding (Liberty Imports v Bourguet, 146 AD2d 535 [1st Dept 1989]). A special proceeding is commenced by a notice of *561 petition or order to show cause (CPLR 403 [a], [d]), and a petition (CPLR 402). This proceeding began by order to show cause signed by another Justice of this court, together with a petition.
Petitioner was injured on November 29, 1994 while working at respondent’s premises as a security guard. Carpeting was being installed by an outside contractor. Respondent alleges that he slipped, tripped, and fell on an unattended glue patch. Petitioner wants respondent to disclose the names and addresses of all carpeting contractors, general contractors, and subcontractors who were installing carpeting at respondent’s premises on that date. Petitioner further wants respondent to produce contracts for restoration and carpeting installation for that date and premises. Finally, petitioner wants to discover the name and address of the managing agent for the subject premises.
The order to show cause required personal service on respondent, as proposed by petitioner as the method of service thereof. The Head of Chancery / Second Secretary for the Permanent Mission of Malaysia to the United Nations states in opposition that the order to show cause and petition were served by facsimile transmission to respondent’s Permanent Mission. The affidavit of service of the order to show cause only alleges service of that document and not the petition. Furthermore, the affidavit of service states that personal delivery service was made on an individual who is said to be the managing agent for "the corporation.”
Besides the deficiencies in the affidavit of service on its face, the service was improper as a matter of law. Respondent is a foreign State. A foreign State must be served in a manner specified under 28 USC § 1608 (a), which provides in pertinent part as follows:
"Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
"(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of *562 suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
"(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services — and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.” None of the dictates of this statute were followed here. Petitioner makes no claim otherwise. Petitioner has not shown that a special arrangement was made for the type of service allowed by the order to show cause or that an international convention allowed such service, pursuant to 28 USC § 1608 (a) (1) and (2). Strict adherence to this service of process law is required (Transaero, Inc. v La Fuerza Aerea Boliviana, 30 F3d 148, 154 [DC Cir 1994]).
Under New York law, a summons and complaint are equivalent to a notice of petition and petition in a special proceeding (CPLR 105 [b]), or here an order to show cause and petition. Thus, even if compliance with the order to show cause service provision occurred, the service was inadequate. A State-authorized service of process method cannot override the requirements of Federal law under 28 USC § 1608, as to service on a foreign State (2 Tudor City Place Assocs. v Libyan Arab Republic Mission, 121 Misc 2d 945, 946-948 [Civ Ct, NY County 1983]; Seramur v Saudi Arabian Airlines, 934 F Supp 48, 51-52 [ED NY 1996]). The United States has set up a national statutory scheme for service of process on foreign governments. It is our national Government which establishes our relations with other countries. Neither a State nor an individual may choose a different method for service of process on a foreign state where the United States has already mandated the manner of service.
Therefore, this court lacks jurisdiction over respondent’s person. This proceeding must be dismissed.