FRANCES BAUMGARTNER, Petitioner, *v.* OTTO A. BAUMGARTNER, Defendant.

In the Matter of LEON KATZEN, Appellant, against MATTHEW J. DISERIO, as Justice of the Domestic Relations Court, Respondent.

First Department, March 29, 1948.

*Harvey I. Harris* of counsel (*Arthur R. Silsdorf,* attorney), for appellant.

*Menahem Stim* of counsel (*Michael J. Mahoney, Jr.,* with him on the brief; *Curran & Stim,* attorneys), for respondent.

SHIENTAG, J. The appellant appeals from an order made by a Justice of the Domestic Relations Court in Bronx County adjudging him in contempt of court and punishing him therefor by imposing a fine of $50 or thirty days in prison, the operation of the entire sentence being suspended. Appellant is a young attorney who has been practicing law since 1945, when he left the army. He represented a husband who was charged with nonsupport. The wife, as complainant, had invoked the aid of the Family Division of the Domestic Relations Court in her marital trouble. The complainant, her husband, the appellant and others entered the office of a probation officer of the court who endeavored without success to have the parties reach some agreement concerning support. When they left this conference room, appellant directed his associate, another lawyer, whom he had brought with him for that purpose, to serve the wife with a summons and complaint in a suit by her husband against her to impress a trust on certain real property.

The service was made in the hallway of the second floor of the Domestic Relations Court building in Bronx County where the offices of the clerk and investigators are located. The court-room and justices' chambers are located on the third floor of the building. There was nothing to show that this service of process created any disturbance or interfered with the business of the Domestic Relations Court. For effecting the service as he did, appellant was adjudged in contempt of court. The order to show cause and the informal opinion of the Justice clearly indicate that it was for the service of process in the courthouse building, and for no other reason, that the appellant was held in contempt. The adjudication was without warrant in law.

This court does not look with favor on the service of civil process in any part of a courthouse building unless there is some compelling reason for such service, a situation which was not presented in this case.

Nevertheless, it is not unlawful to effect service of a summons on a resident defendant in a courthouse building unless, of course, it is done under such circumstances as constitute a disturbance directly tending to interrupt the proceedings of the

court or to impair the respect due to its authority (*Frisbie* v. *Young,* 11 Hun 474; Judiciary Law, § 750). It is for the Legislature to determine whether or not service of civil process generally should be prohibited in any part of a courthouse building. However, in this case the appellant acted within his legal rights and the service of civil process in the manner in which it was made did not constitute a contempt of court. Punishment for criminal contempt is a drastic remedy for a willful wrong (*Matter of Spector* v. *Allen,* 281 N. Y. 251). There was no reason for invoking the drastic remedy in this case.

The order below should be reversed, without costs, the adjudication of contempt vacated and the proceeding dismissed.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, without costs, the adjudication of contempt vacated and the proceedings dismissed. Settle order on notice.