GASPARE M. CUSUMANO, Respondent, *v.* PAVOL P. DIACON-ZADEH, Appellant.

First Department, January 28, 1958.

*Borris M. Komar* for appellant.

*Louis Mishell* of counsel (*Mishell & Garlock*, attorneys), for respondent.

*Per Curiam.* The refusal of the court at Special Term to vacate the default judgment on jurisdictional grounds based on a claim by defendant as a nonresident of immunity from service of process seems warranted on the record.

Immunity from service of process is based on the contention of defendant that he resides in Canada; that he was in New York on June 14, 1957 when the summons was served for the sole purpose of defending himself in other litigation prosecuted in the courts of New York; and that he ought to be protected while here for that purpose from service of process in this action.

The court at Special Term was of opinion that by subsequent participation in proceedings in this action defendant waived his claim of immunity. We think that he did not waive it if it existed; but that immunity is not shown to have existed. The

proof is very strong here that in the contemporaneous activities of defendant before and after service of process on June 14, 1957, he was in New York for purposes that transcended the defense of the action against him then pending. He had for several years maintained an apartment in New York City in which he kept files and records of his business; there is proof that a month before service was made and at a time earlier than defendant admits he came to New York to defend himself in the litigation then pending, he was within the State on other business; and there is proof that he continued in the State on other matters after service and gave his New York apartment as an address for the prosecution of such other business.

Thus we think jurisdiction was acquired of defendant by service of process and that he was not on June 14, 1957 immune from such service.

This action is for legal services performed. In view of the nature of the controversy here presented, with default arising apparently from the reliance of defendant on his claim of immunity and in the light of a sufficient showing of merit to justify a defense, the default ought to be opened in response to defendant's request for alternative relief. We are of opinion, however, that security should be provided if this relief is afforded.

The order should be modified by opening the default of the defendant on condition that he pay a full bill of costs and file security for the payment of whatever judgment may be entered in the sum of the judgment now outstanding and as thus modified the order should be affirmed, without costs.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Order modified by opening the default of the defendant on condition that he pay a full bill of costs and file security for the payment of whatever judgment may be entered in the sum of the judgment now outstanding and, as so modified, affirmed, without costs.

Settle order.