Bertram Harnett, J.
Time and again we are reminded that a lawsuit is not a game. It is a serious enterprise, where the social end of justice preponderates. Yet, we do have procedural rules which may serve proper purposes in the doing of justice. How to separate the game from the justicial purpose?
Here we have an action on a $15,000 promissory note payable on demand after December 30, 1966. Default judgments have been entered against the maker Seaboard Capital Corp., and the guarantors Allan Frank and Peter S. Myers, in a previous action on this note. Only guarantor Bernard Shwidock is now defending this case.
Shwidock’s primary defense is that the court lacks personal jurisdiction because his summons was improperly served upon him.
The summons was served on Shwidock personally on April 4, 1973 when he was a resident of New Jersey. The summons was served while he was in New York voluntarily attending a traverse hearing in a previous action based on this same note. *967 That action was dismissed as to Shwidock as a result of the hearing because of previous defective service.
Under most general circumstances, New York exempts from service of civil process a nonresident party or witness who comes to the State voluntarily to attend court. This rule allows nonresidents to participate in New York trials without fear that they are subjecting themselves to other lawsuits here. It is calculated "to encourage voluntary attendance upon courts and to expedite the administration of justice.” (Netograph Mfg. Co. v Scrugham, 197 NY 377, 380.)
However, this cloak of immunity does not cover Bernard Shwidock in this case. The immunity rule does not apply to all nonresidents, nor to all cases. An out-of-stater who is otherwise readily amenable to service does not need this rule to encourage his in-State appearance, and so he cannot claim its protection. (Chauvin v Dayon, 14 AD2d 146.)
In this case, Shwidock could have been served anywhere, and the court would have obtained jurisdiction over him pursuant to CPLR 302 (subd [a], par 1). New York’s long-arm statute gives jurisdiction over nondomiciliaries for actions arising out of business they transact here. This case concerns a note which Shwidock signed in New York. He signed both as president of a New York corporation and as an individual. The corporate business and Shwidock’s personal economic activity all took place in New York. The transaction in question was totally New York contacted. Under CPLR 302 (subd [a], par 1), this suit could have been commenced by appropriate service anywhere.
Since Shwidock was as exposed to this summons while at home in New Jersey as he was coming to court in New York, no purpose would be served by granting him immunity for the trip. (Gardner v United States, 246 F Supp 1014; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308, C 308:6, p 216.) In fact, to rule otherwise would give us the absurd result that on this particular day, Shwidock could be served anywhere in the world except inside New York.
Moreover, Shwidock claims to have been employed in New York City and physically present in New York State every business day. It would be patently unjust to suggest that a man who came to New York almost daily should have special immunity on the particular day that he happened to be coming here for court instead of work. (See Cusumano v *968 Diacon-Zadeh, 5 AD2d 139; Matter of Lawlor v Roberts; 59 Misc 2d 589.) No sensible purpose would be served by invoking such a special judicial rule of immunity.
Since Bernard Shwidock was properly served with the summons in this action, the court has acquired personal jurisdiction over him.
Shwidock also raises as a defense the fact that this action was commenced while another. suit for the same relief was still pending. (CPLR 3211, subd [a], par 4.) As noted before, this action was commenced following a traverse hearing in an action involving the same note. At the hearing, Mr. Justice Pittoni orally ruled in favor of defendant Shwidock on the traverse. The court’s memorandum decision followed a week later finding that he had not been properly served with process.
CPLR 3211 (subd [a], par 4) provides that if there is a second suit pending for identical relief, a court can dismiss the suit before it, or it can make any other order "as justice requires.” That rule is designed to "prevent a person from being harassed and annoyed by unnecessary actions.” (National Fire Ins. Co. of Hartford v Hughes, 189 NY 84, 87.) The service of the summons in this action, however, was not a harassment, but an appropriate legal measure. The previous action was dismantled by a written judicial decision just a week after this one was begun. And, the dismantling was announced by the court prior to this commencement. To dismiss this action now would be to exclude substance, and worship form. Here, Shwidock is amply informed, unprejudiced, and fairly treated. No reason appears to strip the plaintiff effectively of any remedies he may have.
Plaintiff is awarded judgment in this action.
This action was tried on December 12, 1975 on an agreed statement of facts. Both parties represented to the court that this submission and the trial briefs, in the time schedule agreed to by them, presented all the issues in the case. However, in his reply brief dated January 12, 1976, the defendant for the first time alludes vaguely to other "substantive defenses and set-offs or counterclaims”, and, in essence, asks that the trial be reopened. It is more than two and one-half years since the defendant served his answer. This informal request with no factual allegations to substantiate it, nor even any intimation of its justification, coming at this very late date, cannot be granted.