■ HENRY GRECO, JR., Appellant, v RENEGADES, INC., et al., Defendants, and JOHN V. NIGHTINGGALE, Respondent. [761 NYS2d 426] —Appeal from an order of Supreme Court, Seneca

County (Falvey, J.), entered January 2, 2002, which, inter alia, denied that part of plaintiff's motion for an order nunc pro tunc extending the time for service of the summons and complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiff's motion for an order nunc pro tunc extending the time for service of the summons and complaint and by deleting the third ordering paragraph and providing in its place "this action is hereby stayed until further order of the court" and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action asserting negligence and intentional tort causes of action against John V. Nightinggale (defendant). Plaintiff filed the summons and complaint on October 26, 1999, but did not serve defendant, who is a member of the military, until March 28, 2001. Plaintiff moved for an order nunc pro tunc extending the time in which to serve the summons and complaint and for a default judgment against defendant, based on defendant's failure to appear in the action. Supreme Court erred in denying that part of plaintiff's motion for an order nunc pro tunc extending the time for service of the summons and complaint. Plaintiff submitted evidence demonstrating the difficulty that he had in locating defendant and thereby established "good cause" for the delay in service (CPLR 306-b). Plaintiff's counsel made several attempts to locate defendant's address in the military. Plaintiff's first request for defendant's address through the U.S. Army Worldwide Locator resulted in no response. Plaintiff's second request for that information from the same source resulted in a response that the source had no record of defendant being on active duty with the U.S. Army. Plaintiff eventually hired a private investigator, who located defendant in North Carolina near an Army base, and plaintiff then served defendant immediately upon receiving that information. We conclude under the circumstances of this case that plaintiff established good cause under CPLR 306-b (*see Spitzer v Dewar Found.*, 280 AD2d 385, 386 [2001]). In any event, we would nevertheless conclude that the court should have granted the extension "in the interest of justice" (CPLR 306-b; *see Busler v Corbett*, 259 AD2d 13, 17 [1999]; *see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 103-106 [2001]).

The court properly denied without prejudice that part of plaintiff's motion for a default judgment and exercised its discretion to stay the action. Plaintiff failed to submit evidence establishing that the ability of defendant to conduct his defense "is not materially affected by reason of his military service"

(Military Law § 304; *see* 50 USC Appendix § 521). Plaintiff commenced this action in Seneca County, and defendant is currently stationed in North Carolina.

The court erred, however, in staying the action "pending proof submitted to the Court [that] the defendant, John V. Nightinggale has been served with the Summons and Complaint while not a member of the United States military." The Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC Appendix § 501 *et seq.*) and its New York counterpart (Military Law § 300 *et seq.*) do not prohibit the commencement of an action against a member of the military. Rather, the acts protect "a litigant in military service *after an action has begun*, but in no way affect[ ] the [prescribed] method of service" (*McFadden v Shore,* 60 F Supp 8, 9 [1945] [emphasis added]). Although a member of the military may be entitled to a stay of an action once the action has been commenced, there is no immunity from the commencement of a lawsuit (*see Ricard v Birch,* 529 F2d 214, 217 [1975]; *Isaacs v Isaacs,* 37 NYS2d 527, 528 [1942]). Plaintiff here may seek to vacate the stay if he can establish that defendant was assigned to a geographical location or position that would not materially affect his ability to defend the action (*see Warshawsky v Warshawsky,* 215 AD2d 374, 375 [1995]; *Short v Rapping,* 135 AD2d 624 [1987]). Should the stay be lifted, plaintiff may renew that part of his motion for a default judgment.

We modify the order, therefore, by granting that part of plaintiff's motion for an order nunc pro tunc extending the time for service of the summons and complaint and by deleting the third ordering paragraph and providing in its place "this action is hereby stayed until further order of the court." Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.