■ NANCY UZO, Respondent, v UZO, Appellant. [763 NYS2d 758] —In a matrimonial action in which the parties were divorced by judgment dated August 11, 1998, the defendant former husband appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 14, 2001, which denied that branch of his motion which was to vacate the judgment of divorce entered upon his failure to appear or answer.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's claim that he was not properly served with the summons and complaint is without merit. The Supreme Court providently exercised its discretion in granting the plaintiff's motion for service pursuant to CPLR 308 (5). The plaintiff made an adequate showing that service pursuant to CPLR 308 (1), (2), or (4) was impracticable (*see Solomon v Horie Karate Dojo,* 283 AD2d 479 [2001]; *Astrologo v Serra,* 240 AD2d 606 [1997]). Further, the Supreme Court obtained personal jurisdiction over the defendant (*see CPLR 308 [5]; DiBlasio v Kaufman,* 282 AD2d 496 [2001]; *Matter of Rodriguez v Wing,* 251 AD2d 335 [1998]).

The defendant also failed to demonstrate that he had a meritorious defense (*see Baumer v Baumer,* 268 AD2d 495 [2000]; *Adams v Adams,* 255 AD2d 535 [1998]), as he failed to rebut the plaintiff's prima facie case of abandonment by showing that his extended absence was justified (*see Maryon v Maryon,* 60 AD2d 623 [1977]). Consequently, the Supreme Court properly denied the defendant's motion to vacate the

judgment of divorce entered upon his failure to appear or answer (*see* CPLR 5015 [a]).

The defendant's remaining contentions are without merit. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.