■ NORMAN REZNICK, Respondent, v MTA/LONG ISLAND BUS et al., Appellants. [776 NYS2d 866]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated July 14, 2003, which granted the plaintiff's motion pursuant to CPLR 3025 (b) for leave to serve and file an amended summons and second amended complaint to substitute J. Lyndon LaPalmer for "John Doe" as a defendant, and (2) an order of the same court dated November 7, 2003, which denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant J. Lyndon LaPalmer and granted the plaintiff's cross motion pursuant to CPLR 308 (5) for leave to serve the amended summons and second amended complaint upon that defendant by an alternative method.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly granted the plaintiff's motion for leave to serve and file an amended summons and second amended complaint to name J. Lyndon LaPalmer as a defendant instead of "John Doe." The defendants' claim that the motion for leave to amend should have been denied as time-barred is without merit since LaPalmer was united in interest with his employer, the defendant MTA/Long Island Bus, which was timely served (*see Gottlieb v County of Nassau*, 92 AD2d 858 [1983]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the cross motion pursuant to CPLR 308 (5) (*see Uzo v Uzo*, 307 AD2d 1032 [2003]).

The defendants' remaining contention does not warrant reversal. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.