■ EUGENE LIPSCHITZ, Respondent, v PETER McCANN et al., Appellants. [786 NYS2d 567]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Gary Cohen and Bay Physical Therapy appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 15, 2003, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 306-b insofar as asserted

against them and granted the plaintiff's cross motion for leave to serve a late summons and complaint, and the defendant Peter McCann separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 306-b insofar as asserted against him and granted the plaintiff's cross motion for leave to serve a late summons and complaint, and the defendant Insall Scott Kelly Institute for Orthopedics and Sports Medicine also appeals from the same order.

Ordered that the appeal by the defendant Insall Scott Kelly Institute for Orthopedics and Sports Medicine is dismissed as abandoned, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and as a matter of discretion, with one bill of costs payable to the appellants Gary Cohen, Bay Physical Therapy, and Peter McCann appearing separately and filing separate briefs, the branches of the motions which were to dismiss the complaint pursuant to CPLR 306-b are granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellants Gary Cohen, Bay Physical Therapy, and Peter McCann, and the action against the remaining defendant is severed.

In support of his motion for leave to serve the summons and complaint in this action beyond the 120-day post-filing period (*see* CPLR 306-b), the plaintiff offered no excuse for his delay other than his ignorance of the time limitation. However, this action was commenced in August 2002, almost five years after the current version of CPLR 306-b went into effect (L 1997, ch 476). In light of this, and upon consideration of all other relevant factors, we find that the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to serve a late summons and complaint (*see generally Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). Therefore, the plaintiff's cross motion for leave to serve a late summons and complaint should have been denied, and that branch of the motion of the defendants Gary Cohen and Bay Physical Therapy which was to dismiss the complaint insofar as asserted against them and the separate motion of the defendant Peter McCann to dismiss the complaint insofar as asserted against him should have been granted. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.