■ KIM TANG, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [867 NYS2d 453]—

In an action, inter alia, pursuant to Administrative Code of the City of New York § 8-107 (7) to recover damages for retaliation, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 22, 2007, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint is denied.

The Supreme Court should not have granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint in this action, inter alia, pursuant to Administrative Code § 8-107 (7) to recover damages for retaliation. Contrary to the defendants' contention, Public Authorities Law § 1266 (8) does not exempt the New York City Transit Authority (hereinafter the Transit Authority) from all local laws affecting its activities and operations, but rather, only those "conflicting with this title or any rule or regulation" of the Transit Authority. Thus, "[i]t would then appear that the Legislature did not intend to prohibit the application of all local laws to the [Transit Authority], but only of such laws that interfered with the accomplishment of its transportation purposes" (*Bogdan v New York City Tr. Auth.,* 2005 WL 1161812, *4-5, 2005 US Dist LEXIS 9317, *15-16 [2005]). Compliance with the provisions in the Administrative Code against employment discrimination would not

interfere with the function and purpose of the Transit Authority (*see Matter of Levy v City Commn. on Human Rights,* 85 NY2d 740, 745 [1995]; *Terranova v New York City Tr. Auth.,* 49 AD3d 10, 14-15 [2007]; *Huerta v New York City Tr. Auth.,* 290 AD2d 33, 39 [2001]). Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur. [*See* 16 Misc 3d 703.]