OPINION OF THE COURT
Dillon, J.
A plaintiff’s attorney commencing an action against an unknown “Jane Doe” defendant is sometimes between a statutory rock and a hard place in effecting service of process upon the unidentified defendant within the 120-day deadline of CPLR 306-b. This case presents us with one such scenario, where a “Jane Doe” defendant was served with process almost eight *28 months after the filing of the plaintiffs summons and complaint, but “immediately” after the defendant’s true identity became known.
I. Relevant Facts
The plaintiff commenced this action against the defendants New York City Transit Authority (hereinafter the NYCTA) and its employee, “Jane Doe,” as a result of incidents that occurred at the Nostrand Avenue subway station in Brooklyn on July 19, 2006 and July 25, 2006. The plaintiff, a transgender female, alleges that an NYCTA employee, “Jane Doe,” uttered a series of discriminatory epithets that caused her to feel harassed and threatened by the employee and others. A summons and complaint against the NYCTA and “Jane Doe” were filed on January 30, 2007. Causes of action were asserted against the NYCTA for negligent training, supervision, and retention of its employees, and against employee “Jane Doe” for wrongful discrimination pursuant to New York City Human Rights Law (Administrative Code of City of NY) § 8-107 (4) (a). Pursuant to CPLR 306-b, service of process was to be effected upon the defendants within 120 days of filing which, in this instance, expired on May 30, 2007.
Service was, in fact, effected upon the NYCTA on January 30, 2007, and is not at issue here. As a result of the plaintiffs complaint, the NYCTA determined that the “Jane Doe” employee was Lorna Smith, against whom a disciplinary hearing was initially scheduled for March 5, 2007, pursuant to the collective bargaining agreement between the NYCTA and the union representing station agents. The disciplinary proceeding was dismissed on May 1, 2007, as a result of the plaintiffs repeated failures to appear as a witness on March 5, 2007, April 5, 2007, and April 26, 2007 despite having been subpoenaed to do so.
By this time, Smith was no longer working at the Nostrand Avenue station. The plaintiff’s counsel claims that he first learned of “Jane Doe’s” true name as a result of the disciplinary proceeding, of which he had notice. The plaintiffs counsel served a discovery notice on August 24, 2007 requesting, among other information, Smith’s home address. On a date in September 2007, the NYCTA served a discovery response that refused to disclose Smith’s home address. The plaintiffs counsel claimed that Lorna Smith’s name was so common that service of process upon her was impossible absent additional information. In September 2007, the plaintiff’s counsel requested, and the *29 NYCTA agreed to provide, a copy of Smith’s work location and schedule. Service was then effected upon Smith “immediately” on September 20, 2007, 233 days after the filing of the plaintiffs summons and complaint.
On this record, the caption has not been amended to reflect “Jane Doe’s” true identity, but is deemed amended pursuant to CPLR 1024. On November 19, 2007, Smith moved, inter alia, pursuant to CPLR 306-b to dismiss the complaint on the grounds that it was untimely served upon her. She also moved pursuant to CPLR 3211 (a) (2) and Public Authorities Law § 1266 (8) to dismiss the complaint for lack of subject matter jurisdiction. The plaintiff never cross-moved for an extension of time to serve process pursuant to CPLR 306-b.
In the order appealed from, the Supreme Court held that the plaintiff was entitled to an extension of the 120-day service period. The court specifically found that the plaintiff was unaware of Smith’s identity upon the filing of the summons and complaint, and that she had demonstrated due diligence in attempting service despite difficulty in finding contact information, locating the transit worker, and the common nature of Smith’s last name. The court also denied Smith’s motion to dismiss the complaint for lack of subject matter jurisdiction.
For reasons set forth below, we affirm, though on the basis of a somewhat different analysis.
II. The Interplay of CPLR 1024 and 306-b
The New York State Legislature has recognized that there are circumstances where a party is ignorant, in whole or in part, of the identity of a person who should be made a party to an action. CPLR 1024 allows for the commencement of an action against an unknown party “by designating so much of his name and identity as is known” (see generally Orchard Park Cent. School Dist. v Orchard Park Teachers Assn., 50 AD2d 462, 467 [1976]). To be effective, a summons and complaint must describe the unknown party in such a manner that the “Jane Doe” would understand that she is the intended defendant by a reading of the papers (see Olmsted v Pizza Hut of Am., Inc., 28 AD3d 855, 856 [2006]; Justin v Orshan, 14 AD3d 492 [2005]; Lebowitz v Fieldston Travel Bur., 181 AD2d 481, 482 [1992]).
The use of CPLR 1024 presents many pitfalls. One pitfall is that parties are not to resort to the “Jane Doe” procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, de *30 spite such efforts, are unable to do so (see Hall v Rao, 26 AD3d 694, 695 [2006]; Justin v Orshan, 14 AD3d 492, 492-493 [2005]; Opiela v May Indus. Corp., 10 AD3d 340, 341 [2004]; Tucker v Lorieo, 291 AD2d 261 [2002]; Porter v Kingsbrook OB/GYN Assoc., 209 AD2d 497 [1994]). Any failure to exercise due diligence to ascertain the “Jane Doe’s” name subjects the complaint to dismissal as to that party (see Hall v Rao, 26 AD3d at 695; Justin v Orshan, 14 AD3d at 492-493; Opiela v May Indus. Corp., 10 AD3d at 341). A second requirement unique to CPLR 1024 is that the “Jane Doe” party be described in such form as will fairly apprise the party that she is the intended defendant (see City of Mount Vernon v Best Dev. Co., 268 NY 327, 331 [1935]; Olmsted v Pizza Hut of Am., Inc., 28 AD3d at 856; Justin v Orshan, 14 AD3d at 492-493). An insufficient description subjects the “Jane Doe” complaint to dismissal for being jurisdictionally defective (see Lebowitz v Fieldston Travel Bur., 181 AD2d 481, 482-483 [1992]; Reid v Niagara Mach. & Tool Co., 170 AD2d 662 [1991]). A third pitfall unique to CPLR 1024 is its interplay with- CPLR 306-b.
Prior to 1992, when actions in the Supreme and County Courts were commenced by the service of process rather than by filing, a party suing a “Jane Doe” defendant was under no particular time deadline for ascertaining the unknown party’s identity, other than commencing an action against all defendants prior to the expiration of the relevant statute of limitations (see Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 255 [1997]).[1] However, the enactment of CPLR 306-a in 1992 required that actions in Supreme and County Courts be commenced by filing rather than by service (L 1992, ch 216, § 6; see generally Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718-720 [1997]) and upon filing, CPLR 306-b, which was enacted at the same time as CPLR 306-a (L 1992, ch 216, § 7), superimposed the requirement that service of process be effected within 120 days (see CPLR 306-b; see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 100-101 [2001]). The filing of *31 the summons with notice or summons and complaint fixed the point at which an action was commenced for statute of limitations purpose (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 100; Matter of Gershel v Porr, 89 NY2d 327, 330 [1996]).
The enactment of CPLR 306-b placed plaintiffs wishing to commence actions against “Jane Doe” defendants in an unenviable position that did not previously exist. By virtue of CPLR 306-b, plaintiffs were required to ascertain the identity of unknown “Jane Doe” parties, and to serve process upon them, within 120 days from filing. As a practical matter, it is not always easy or even possible for plaintiffs naming “Jane Doe” defendants to meet the service expectations of CPLR 306-b. In any given case involving two or more defendants including an unknown party, a plaintiff may serve process upon the known defendants early in the 120-day service period, and then wait 20 or 30 days for appearances and answers (see CPLR 320 [a]), absent consent extensions or pre-answer motions to dismiss the complaint (see CPLR 3211). Upon the joinder of issue, the plaintiff may then serve discovery demands upon the known parties or upon nonparties for information that may identify the unknown party, and wait for responses which may or may not be fruitful, complied with, or timely. The mechanics of serving process upon known parties, joining issue, demanding discovery, and receiving meaningful responses will, as a practical matter, exhaust, in many cases, all or most of the 120-day period of CPLR 306-b for effecting service upon the newly-identified party. If a “Jane Doe” is the only named defendant in an action, the timely identification of the party’s true identity for service of process is even more challenging.
The harshness of CPLR 306-b under these circumstances is ameliorated, in appropriate instances, by the “good cause” and “interest of justice” exceptions to CPLR 306-b. These exceptions have particular utility in actions where, as here, a plaintiff is delayed in effecting service of process by virtue of not knowing the identity of a target defendant.
The 120-day service provision of CPLR 306-b can be extended by a court, upon motion, “upon good cause shown or in the interest of justice” (CPLR 306-b). “Good cause” and “interest of justice” are two separate and independent statutory standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104). To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service (see Leader v Maroney, *32 Ponzini & Spencer, 97 NY2d at 105-106). Good cause will not exist where a plaintiff fails to make any effort at service (see Valentin v Zaltsman, 39 AD3d 852 [2007]; Lipschitz v McCann, 13 AD3d 417 [2004]), or fails to make at least a reasonably diligent effort at service (see e.g. Kazimierski v New York Univ., 18 AD3d 820 [2005]; Baione v Central Suffolk Hosp., 14 AD3d 635, 636-637 [2005]; Busler v Corbett, 259 AD2d 13, 15 [1999]). By contrast, good cause may be found to exist where the plaintiffs failure to timely serve process is a result of circumstances beyond the plaintiff’s control (see U.S. 1 Brookville Real Estate Corp. v Spallone, 13 Misc 3d 1236[A], 2006 NY Slip Op 52141 [U], *3 [2006], citing Eastern Refractories Co., Inc. v Forty Eight Insulations, Inc., 187 FED 503, 505 [1999]; see also Greco v Renegades, Inc., 307 AD2d 711, 712 [2003] [difficulties of service associated with locating defendant enlisted in military]; Kulpa v Jackson, 3 Misc 3d 227, 235 [2004] [difficulties associated with service abroad through the Hague Convention]).
If good cause for an extension is not established, courts must consider the “interest of justice” standard of CPLR 306-b (see e.g. Busler v Corbett, 259 AD2d at 17). The interest of justice standard does not require reasonably diligent efforts at service, but courts, in making their determinations, may consider the presence or absence of diligence, along with other factors (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). The interest of justice standard is broader than the good cause standard (see Mead v Singleman, 24 AD3d 1142, 1144 [2005]), as its factors also include the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Matter of Jordan v City of New York, 38 AD3d 336, 339 [2007]; Estey-Dorsa v Chavez, 27 AD3d 277 [2006]; Mead v Singleman, 24 AD3d at 1144; de Vries v Metropolitan Tr. Auth., 11 AD3d 312, 313 [2004]; Hafkin v North Shore Univ. Hosp., 279 AD2d 86, 90-91 [2000], affd 97 NY2d 95 [2001]; see also Slate v Schiavone Constr. Co., 4 NY3d 816 [2005]).
The practicing bar need not rely exclusively on the ameliorative provisions of CPLR 306-b for coping with the difficulties posed by pursuing actions against unknown parties. There are, in fact, at least four procedural mechanisms that may be utilized which, if applicable and successful, would render unnecessary a party’s reliance upon “good cause” or the “interest of justice” *33 for additional time to serve process upon “Jane Doe” defendants who cannot be readily identified.
One such method is pre-action disclosure as permitted by CPLR 3102 (c). The statute permits a prospective plaintiff to seek, by court order, disclosure that will aid in bringing the action (see CPLR 3102 [c]). It has been recommended that a request for pre-action disclosure be sought by means of a special proceeding pursuant to CPLR article 4 (see Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:6, citing Robinson v Government of Malaysia, 174 Misc 2d 560 [1997]). While pre-action disclosure is often thought of as a device to enable the plaintiff to frame a complaint (see generally Matter of Wien & Malkin v Wichman, 255 AD2d 244 [1998]; Matter of Perez v New York City Health & Hosps. Corp., 84 AD2d 789 [1981]; Matter of Rosenberg v Brooklyn Union Gas Co., 80 AD2d 834 [1981]; Matter of Urban v Hooker Chems. & Plastics Corp., 75 AD2d 720 [1980]; Matter of Roland [Deak], 10 AD2d 263, 265 [I960]) or to preserve evidence for a forthcoming lawsuit (see generally Matter of Thomas v New York City Tr. Police Dept., 91 AD2d 898 [1983]; Gearing v Kelly, 15 AD2d 477 [1961]; Matter of O’Grady v City of New York, 164 Misc 2d 171, 173 [1995]; Matter of Spraggins v Current Cab Corp., 127 Misc 2d 774, 775 [1985]), it has also been recognized as an appropriate device for ascertaining the identities of prospective defendants (see Matter of Alexander v Spanierman Gallery, LLC, 33 AD3d 411 [2006]; [Matter of Toal v Staten Is. Univ. Hosp., 300 AD2d 592 [2002]; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939, 940 [1985]; Matter of Perez v New York City Health & Hosps. Corp., 84 AD2d at 789; Matter of Bergan v Sullivan Bros. Wood Prods. of Keeseville, 77 AD2d 723 [1980]; Matter of Roland [Deak], 10 AD2d at 265). Plaintiffs’ attorneys who are retained sufficiently in advance of the expiration of the statute of limitations may avoid the problem of identifying a “Jane Doe” defendant for service within the time limits of CPLR 306-b, where successful pre-action disclosure results in the identification of the unknown defendant prior to the filing of a summons and complaint.
A second mechanism, available when a governmental entity may know the identity of the unknown party, is the Freedom of Information Law (Public Officers Law art 8 [hereinafter FOIL]). In a case such as this involving a public employee, Public Officers Law § 89 would require the disclosure of the employee’s name (see Matter of Faulkner v Del Giacco, 139 Misc 2d 790, *34 794 [1988] [disclosure of names of prison guards accused of inappropriate behavior]), but exempt from disclosure the employee’s home address (see Public Officers Law § 87 [2] [b]; § 89 [2] [b]; [7]; Matter of Pasik v State Bd. of Law Examiners, 114 Misc 2d 397, 407-408 [1982], mod 102 AD2d 395 [1984]). Nothing in the Public Officers Law appears to prohibit the disclosure of records identifying an employee’s work location and schedule, which was the information that the NYCTA ultimately agreed to provide to the plaintiff’s counsel in this instance to enable service of process upon Smith. FOIL requests are designed to be acted upon by public agencies expeditiously, typically within five business days from receipt of a written request for nonexempt records (see Public Officers Law § 95 [1] [a]). The speed of the statute can prove useful to practitioners who, facing an approaching statute of limitations, seek to identify the “Jane Doe” party prior to the commencement of the action.
Third, if pre-action discovery or FOIL requests are not viable options, plaintiffs intending to pursue a “Jane Doe” defendant may commence their actions against any known codefendants, who may possess information identifying the unknown party, well in advance of the statute of limitations (accord Misa v Hossain, 42 AD3d 484, 486 [2007]). Doing so affords two distinct procedural options. If the discovery process would not lead to an identification of the unknown target in sufficient time for service of process upon that party under the limited 120-day deadline of CPLR 306-b, the subsequent disclosure of identifying information will still permit, within the wider statute of limitations, either an amended complaint by stipulation or by leave of court naming the additional party (see CPLR 3025 [b]), or alternatively, the commencement of a timely separate action against the additional party with a view to its later consolidation with the original action (see CPLR 602 [a]; cf. Matter of Vogel, 19 Misc 3d 853, 859 [2008]). Commencing the initial action well before the expiration of the statute of limitations makes service upon the newly-identified party possible. The same result does not inure to practitioners who wait until the limitations period is close to expiring before commencing their actions against known parties.
Fourth, when an originally-named defendant and an unknown “Jane Doe” party are united in interest, i.e. employer and employee, the later-identified party may, in some instances, be added to the suit after the statute of limitations has expired *35 pursuant to the “relation-back” doctrine of CPLR 203 (f), based upon postlimitations disclosure of the unknown party’s identity (see Reznick v MTA/Long Is. Bus, 7 AD3d 773, 774 [2004]; Gottlieb v County of Nassau, 92 AD2d 858 [1983]). The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well (see Buran v Coupal, 87 NY2d 173, 178 [1995]). The moving party seeking to apply the relation-back doctrine to a later-identified “Jane Doe” defendant has the added burden of establishing that diligent efforts were made to ascertain the unknown party’s identity prior to the expiration of the statute of limitations (see Hall v Rao, 26 AD3d at 695; Scoma v Doe, 2 AD3d 432, 433 [2003]; Tucker v Lorieo, 291 AD2d at 262).
Furthermore, if the plaintiff is truly at the mercy of a service extension under CPLR 306-b, which is discretionary on the part of the court (compare Crystal v Lisnow, 56 AD3d 713, 714 [2008], with Cooper v New York City Bd. of Educ., 55 AD3d 526 [2008]), any “Jane Doe” service problem should be proactively addressed by the filing of a motion for a CPLR 306-b extension. Indeed, the promptness of a request for an extension of time to serve a “Jane Doe” defendant is a specific factor that is to be considered by courts in determining “interest of justice” extensions (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Matter of Anonymous v New York State Off. of Children & Family Servs., 53 AD3d 810, 810-811; Rosenzweig v 600 N. St., LLC, 35 AD3d 705 [2006]; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476 [2000], affd 97 NY2d 95 [2001]). While CPLR 306-b is not construed to require that a motion for a service extension be filed before the expiration of the 120-day statutory period (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106-107), prompt motions are more likely to be successful (id.; Scarabaggio v Olympia & York Estates Co., 278 AD2d at 476), as they are a sign of diligence, whereas dilatory motions are less so (see Matter of Anonymous v New York State Off. of Children & Family Servs., 53 AD3d at 810-811).
*36 III. An Extension is Warranted in the Interests of Justice
Under the peculiar circumstances of this case, we find that the plaintiff failed to establish an entitlement to an extension of the 120-day service deadline under a “good cause” analysis, but was entitled to an extension under the “interest of justice” standard. The good cause standard was not met here, as the plaintiff’s counsel never described what serious efforts were made, if any, to timely locate Smith for service upon learning her name, including the search of potential relevant databases or the conduct of other investigation. A discovery demand for Smith’s home address was not served by the plaintiffs counsel until August 24, 2007, almost three months after the service deadline of CPLR 306-b had already expired. Instead, the plaintiff’s counsel merely declared, in wholly conclusory fashion, that despite learning of Smith’s name and its commonality, service of process would be “virtually impossible.”
Most tellingly, the plaintiff did not attempt to serve process upon Smith at Smith’s NYCTA disciplinary proceeding in March and April 2007, after the instant action had already been commenced. The plaintiff, though subpoenaed, failed to appear at the disciplinary proceeding on three scheduled occasions. The disciplinary proceeding provided the plaintiff’s counsel with a permissible opportunity to serve Smith with process (see generally Baumgartner v Baumgartner, 273 App Div 411, 412-413 [1948]; accord Cusumano v Diacon-Zadeh, 5 AD2d 139, 140 [1958]; Merigone v Seaboard Capital Corp., 85 Misc 2d 965, 967-968 [1976]), and the failure to make any effort to do so deprived the plaintiff of the mantle of due diligence. Had the plaintiff been adequately sensitive to the need to effect service of process within the 120-day deadline of CPLR 306-b, due diligence required her counsel to take full advantage of the identification and service opportunities afforded to them by the NYCTA’s disciplinary proceeding against Smith (see Kazimierski v New York Univ., 18 AD3d at 820; Busler v Corbett, 259 AD2d at 15).[2]
The broader interest of justice factors permit a finding that the plaintiff was entitled to an extension of time to serve pro *37 cess pursuant to CPLR 306-b. While the lack of due diligence in effecting earlier service is not helpful to the plaintiff’s interest of justice analysis, that factor, standing alone, is outweighed by the other factors of an interest of justice analysis. Most importantly, the plaintiffs commencement of litigation against an unknown party, denominated as “Jane Doe,” aligns this case with others where service of process proves to be uniquely difficult because of the nature of the challenge (see Redmond v Jamaica Hosp. Med. Ctr., 29 AD3d 768, 770 [2006]; Greco v Renegades, Inc., 307 AD2d 711 [2003]; Kulpa v Jackson, 3 Misc 3d 227 [2004]). Additionally, as noted by the Supreme Court, Smith had a common surname, and the plaintiff did not possess Smith’s work location and schedule until September 2007. Smith, in turn, articulated no credible argument of prejudice resulting from the timing of service. There is nothing in the record suggesting that the plaintiffs complaint lacks facial merit, and indeed, Smith does not contest merit as an issue here. The length of the delay in service is not particularly egregious under the circumstances, and service was effected promptly by the plaintiffs counsel upon being advised of Smith’s work location and work schedule.[3]
IV Public Authorities Law § 1266 (8)
The Supreme Court properly denied that branch of Smith’s motion which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against her on the ground that the Supreme Court lacked subject matter jurisdiction. Specifically, Smith contended that she was jurisdictionally exempted from compliance with Administrative Code § 8-107 (4) (a), on which the plaintiffs cause of action against her is asserted, by application of Public Authorities Law § 1266 (8).
Contrary to Smith’s contention, Public Authorities Law § 1266 (8) does not exempt the NYCTA or its employees from all local laws affecting its activities and operations, but rather, only those “conflicting with this title or any rule or regulation” of the NYCTA (see Tang v New York City Tr. Auth., 55 AD3d 720 [2008]). No conflict has been shown to exist in the laws at issue here.
*38 The parties’ remaining contentions are without merit or have been rendered academic by our determination.
Accordingly, the order is affirmed.
Spolzino, J.P., Florio and Belen, JJ., concur.
Ordered that the order is affirmed, with costs.

. Summonses and complaints naming “Jane Doe” defendants united in interest with other parties could also be delivered to the county clerk of a county within the City of New York or the county sheriff of a county outside the city and then served upon the “Jane Doe” defendants, when their identities were ascertained within 60 days as authorized by CPLR 203 (b) (5) (see Herbert v Gabel Equip. Corp., 123 AD2d 741 [1986]). The 60-day extension of CPLR 203 (b) (5) only would apply upon there being a showing of genuine efforts to identify the unknown party prior to the running of the statute of limitations (see Porter v Kingsbrook OB/GYN Assoc., 209 AD2d at 497).

. The plaintiffs objection to the subpoena, .that she not be compelled to testify at the disciplinary hearing while her civil action was pending, does not require a different result. The proceeding provided the plaintiff with an occasion to effect service of process upon Smith whether or not the plaintiff would testify at the hearing.

. The statute of limitations for the cause of action asserted against Smith under New York City Human Rights Law § 8-107 (4) (a) is three years (see Alimo v Off-Track Betting Corp., 258 AD2d 306, 306-307 [1999]) and is not contested by the parties. The statute of limitations need not actually expire for a court to extend the time for service under CPLR 306-b in the interest of justice.