*Cotto v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
　　　　　 PETER W. HALL,
　　　　　 GERARD E. LYNCH,
　　　　　　　　 *Circuit Judges*.

_____

Iris Cotto,

　　　　　 *Plaintiff-Appellant*,

　　　　　 v.　　　　　　　　　　　　　　17-2845

City of New York, Police Officer David J. Coote, An Officer of the 48th Precinct AKA Police Officer John Doe, Shield #019647,

        *Defendants-Appellees*,

Police Officer John Doe, John/David Doe/Coote,

        *Defendants*.

_____

| | |
|---|---|
| For Appellant: | Conway Martindale, II, Martindale & Associates, PLLC, New York, New York. |
| For Appellee: | ELINA DRUKER (Richard Dearing, Scott Shorr *on the brief*) *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Iris Cotto appeals from a judgment of the United States District for the Southern District of New York (Sweet, *J.*) entered on August 11, 2017. We assume the parties' familiarity with the underlying facts, the record of prior proceedings,

and the arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

The following factual allegations are taken from the amended complaint, and we assume them to be true for the purposes of this appeal. *See Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

The complaint alleges as follows: On April 28, 2013, Cotto was stopped by police while driving with her boyfriend, dragged out of her vehicle, and handcuffed and arrested for allegedly possessing a controlled substance. In effectuating the arrest, NYPD officers used excessive force, including macing Cotto in the face, repeatedly slamming the vehicle door on her leg, and punching Cotto with closed fists on her face and body. When Cotto arrived at central booking, she communicated to officers that she needed medical attention, which was not immediately provided. She was held in custody for two days prior to her arraignment on charges of felony possession of a controlled substance. She was then transferred to the city's Rikers Island jail. Cotto's criminal case was dismissed

3

on December 12, 2013, after the lab report for the crack cocaine she was charged with possessing came back negative.

Over a year and a half later, in November 2015, Cotto filed suit against the City of New York ("the City"), the New York Police Department, and Police Officer John Doe of the 48th Precinct, alleging violations of 42 U.S.C. § 1983 and state law. In August 2016, she filed a proposed amended complaint against the City and "Police Officer John Doe (an officer of the 48th Precinct aka Police Officer David J. Coote, Shield #019647)"; Cotto's motion to file her amended complaint was granted on September 29, 2016.

The Defendants-Appellees thereafter moved to dismiss the amended complaint. In granting the motion to dismiss, the district court held that the claims against Officer Coote were time barred since Cotto did not identify Officer Coote by name until she filed her amended complaint after the applicable limitations period expired and that Cotto could not take advantage of the relation-back doctrine to make her claims timely. The district court also dismissed Cotto's claims against the City for municipal liability for failure to allege a policy or custom sufficient to create liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and dismissed Cotto's state law claims as time barred. Cotto appealed.

4

II.

"We review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6)," asking "whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In so doing, we "accept[] as true all well-pleaded factual allegations in the complaint [and] draw[] all reasonable inferences in favor of the nonmoving party." *Gamm*, 944 F.3d at 462 (internal quotation marks and citation omitted). But we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

III.

"Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Cotto's claims relate to the incident alleged to have occurred on April 28, 2013 and thus accrued on or about that date. *See Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (explaining that a Section 1983 claim accrues at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action"

5

(citation omitted)).  More than three years later, Cotto amended her complaint to replace the "John Doe" defendant with Officer Coote's name.  "Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Hogan*, 738 F.3d at 517.  But when an amended pleading meets the requirements of Fed. R. Civ. P. 15(c), it is considered to "relate back" to the date of the original complaint, thereby rendering the action timely against the newly named party.  *Id.* at 517.

Fed. R. Civ. P. 15(c) provides two situations when "[a]n amendment to a pleading relates back to the date of the original pleading" that are relevant here: (1) under Rule 15(c)(1)(A), when "the law that provides the applicable statute of limitations allows relation back"; and (2) under Rule 15(c)(1)(C), when the claim arose "out of the conduct set out in the original pleading; the party to be brought in . . . received such notice that it will not be prejudiced in maintaining its defense; that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint

6

[was] filed within the limitations period." *Id.* at 517 (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995)).

As Cotto points out, "in a federal case applying New York law . . . a plaintiff seeking to replace a 'John Doe' defendant with the properly-named defendant may avoid a statutory time bar by satisfying the requirements of CPLR § 1024." Appellant Br. at 15–16. CPLR § 1024, as interpreted by New York state courts, does permit John Doe substitutions *nunc pro tunc*. *Hogan*, 738 F.3d at 518–19 (citing New York cases). For such substitutions, however, a party must show, among other things, that "the new party knew or should have known that, but for a . . . mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*, 87 N.Y.2d 173, 178–79 (1995); *see also Kirk v. University OB-GYN Assocs., Inc.*, 960 N.Y.S.2d 739, 795 (4th Dep't 2013); *Bumpus v. N.Y.C. Transit Auth.*, 883 N.Y.S.2d 99, 104 ("A second requirement unique to CPLR 1024 is that the 'Jane Doe' party be described in such form as will fairly apprise the party that she is the intended defendant."). There is no evidence in the record that Officer Coote had any knowledge that he was the "John Doe" officer indicated in Cotto's initial complaint or that he knew or should have known that the lawsuit should have been brought against him. Nothing in the record

7

indicates that the NYPD or Corporation Counsel apprised Officer Coote of the lawsuit. Because Cotto has not shown that Officer Coote knew or should have known about the lawsuit and that he was the intended defendant, she cannot use Fed. R. Civ. P. 15(c)(1)(A), through CPLR § 1024, to render her complaint timely as against Officer Coote.

As to the second avenue by which Cotto could make her complaint timely as against Officer Coote, we have explained that "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" for the purposes of Rule 15(c)(1)(C). *Hogan*, 738 F.3d at 518. Cotto does not contest that she failed to identify Officer Coote because she did not know his name and, contrary to her arguments, how New York state courts interpret "mistake" is irrelevant to the inquiry under Rule 15(c)(1)(C). Cotto therefore cannot use Rule 15(c)(1)(C) to relate her claims against Officer Coote back to the time of filing her original "John Doe" complaint.

## IV.

Under *Monell*, the City can be liable under § 1983 only when the alleged deprivation of rights occurs pursuant to a governmental policy, custom, or usage. 436 U.S. at 690-91; *id.* at 691 ("Congress did not intend municipalities to be held

8

liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones*, 691 F.3d at 81. But "such acts would justify liability of the municipality if, for example, they were done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware, or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id.* "[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks, citations, and alterations omitted).

The district court held that the amended complaint "make[s] no allegations that can support a *Monell* claim" because Cotto "allege[d] only a single, isolated incident," App. at 85, involving "actors below the policy-making level," *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991), and further that the complaint

9

did not identify a particular deficiency in the City's training program that led to Cotto's injury. *See Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (explaining that a plaintiff must identify a specific deficiency in a municipality's training program and show that this deficiency caused the constitutional deprivation of which she is complaining).

We agree. Cotto's allegations do not support a *Monell* claim because they focus on the individual officers and isolated events leading to Cotto's stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred. Cotto's citation of *Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013), does not support her claim of municipal liability. Not only has Cotto not alleged facts that suggest she would fall within the groups of people discriminated against in *Floyd*, but *Floyd* dealt with an entirely different form of stops. Of course, the allegations of officer misconduct, if true, are highly disturbing, but allegations of disturbing and abusive acts by individual officers, without more, cannot sustain a claim for municipal liability. Cotto's conclusory allegations that the City's policy, custom, practice, or failure to train its employees led to her constitutional rights being violated are insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555 ("While a complaint

10

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citations, internal quotation marks, and alterations omitted)).

V.

The district court dismissed Cotto's state law claims of malicious prosecution, intentional or reckless infliction of emotional distress, negligent infliction of emotional distress, and assault and battery, and the related claims against the City on a theory of *respondeat superior* liability, on the grounds that they "are barred for failure to comply with New York's General Municipal Law §§ 50-e and 50-i." App. at 86. Cotto expressly wrote to the district court that she "concedes that all [her] state claims . . . are barred by statute." Opp'n to Defendant's 11/21/16 Letter Motion, 15-cv-9123, ECF No. 50 at 5; those claims are therefore waived. *See United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995). The district court therefore did not err in holding that Cotto's state law claims were barred because they were not brought within the time period prescribed by General Municipal Law § 50-i.

11

\* \* \*

We have considered Cotto's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court